## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK W. COOPER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>PROGRESS SOFTWARE CORPORATION, PENSION BENEFIT INFORMATION, LLC d/b/a PBI RESEARCH SERVICES, FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS CO., INC., BANK OF AMERICA CORP., F&G ANNUITIES & LIFE, INC., and COREBRIDGE FINANCIAL, INC.,<br><br>      Defendant. | Civil Action No. 1:23-cv-12067-NMG |

### UNOPPOSED MOTION FOR REASSIGNMENT

  Pursuant to Local Rules 40.1 (G) and (I) and Judicial Panel on Multidistrict Litigation ("JPML") Rule of Procedure 7.2, Defendant Progress Software Corporation ("Progress") respectfully requests reassignment of this case to the Honorable Allison D. Burroughs. Reassignment to Judge Burroughs is proper in light of the October 4, 2023, Transfer Order issued by the JPML in connection with MDL No. 3083 (attached as Exhibit A). Plaintiff and Defendants Pension Benefit Information, LLC ("PBI") Fidelity Investments Institutional Operations Co., Inc. ("Fidelity"), F&G Annuities & Life, Inc. ("F&G"), and Corebridge Financial, Inc. ("Corebridge") have indicated that they do not oppose the instant request.[1]

---

[1] Counsel for Progress were unable to contact counsel for Defendant Bank of America Corp.

1. On October 4, 2023, the JPML issued the Transfer Order directing that ten cases be transferred to the District of Massachusetts and, with the consent of that Court, assigned to Judge Burroughs for coordinated or consolidated pretrial proceedings under MDL No. 3083.

2. Five of those cases were already pending in the District of Massachusetts: *Diggs v. Progress Software Corp.*, No. 1:23-cv-11370; *Pipes v. Ipswitch, Inc., et al.*, No. 1:23-cv-11394; *Tenner v. Progress Software Corp.*, No. 1:23-cv-11412; *Guillory-Caillier v. Progress Software Corp.*, No. 1:23-cv-11417; and *Anastasio v. Progress Software Corp., et al.*, No. 1:23-cv-11442.

3. The Transfer Order further recognizes the existence of a number of potential tag-along actions as defined under JPML Rules of Procedure 1.1(h), 7.1 and 7.2. Pursuant to JPML Rule of Procedure 7.2, tag-along actions that are filed in the transferee district should be reassigned to the judge presiding over the MDL actions under the applicable local rules. *See* JPML R. P. 7.2(a) ("Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules."); *see also* L.R. 40.1 (G) and (I).

4. Here, the instant action has been identified as a potential tag-along action. MDL No. 3083, ECF No. 236. In the District of Massachusetts alone, there are 26 potential tag-along actions currently pending (including the instant action):

    a. *Gilson v. Progress Software Corp.*, No. 1:23-cv-11552

    b. *Meyer v. Progress Software Corp.*, No. 1:23-cv-11543

    c. *Deutsch v. Progress Software Corp.*, No. 1:23-cv-11547

    d. *Smith v. Progress Software Corp.*, No. 1:23-cv-11580

    e. *Harris v. Progress Software Corp.*, No. 1:23-cv-11816

f.  *Reese v. Ipswitch, Inc., et al.*, No. 1:23-cv-11610

g.  *Moore v. Progress Software Corp.*, No. 1:23-cv-11669

h.  *Baker v. Progress Software Corp.*, No. 1:23-cv-11777

i.  *Siflinger v. Progress Software Corp., et al.*, No. 1:23-cv-11782

j.  *Casey v. Progress Software Corp., et al.*, No. 1:23-cv-11864

k.  *Casey v. Progress Software Corp.*, No. 1:23-cv-11913

l.  *LoGuidici v. Progress Software Corp., et al.*, No. 1:23-cv-11916

m. *McDaniel v. Progress Software Corp., et al.*, No. 1:23-cv-11939

n.  *Arden v. Progress Software Corp., et al.*, No. 1:23-cv-12015

o.  *Daniels v. Progress Software Corp., et al.*, No. 1:23-cv-12010

p.  *Allen v. Progress Software Corp.*, No. 1:23-cv-11984

q.  *Cooper v. Progress Software Corp., et al.*, No. 1:23-cv-12067

r.  *Schwarz v. Progress Software Corp., et al.*, No. 1:23-cv-12127

s.  *Pilotti-Iulo v. Progress Software Corp., et al.*, No. 1:23-cv-12157

t.  *Kurtz v. Progress Software Corp., et al.*, No. 1:23-cv-12156

u.  *Boaden v. Progress Software Corp., et al.*, No. 1:23-cv-12192

v.  *Brida v. Progress Software Corp., et al.*, No. 1:23-cv-12202

w. *Jones v. Progress Software Corp., et al.*, No. 1:23-cv-12203

x.  *Robinson v. Teachers Ins. and Annuity Assoc. of Am., et al.*, No. 1:23-cv-12255

y.  *Kennedy v. Progress Software Corp., et al.*, No. 1:23-cv-12275

z.  *Ghalem v. Progress Software Corp., et al.*, No. 1:23-cv-12300

5.     If this case is not reassigned or centralized for proceedings with the other matters now pending before Judge Burroughs, the purpose of the MDL proceedings would be undermined and frustrated. The JPML has already recognized that the common factual questions between this case and over 100 others will necessarily create common discovery and motion practice. *See* Ex. A at 2-3. Reassignment to Judge Burroughs would therefore eliminate any duplicative discovery between this case and others, and it would conserve resources of the parties and the Court.

WHEREFORE, because the JPML has identified the instant case as a tag-along action, it should be reassigned to Judge Burroughs in accordance with the assignment provisions of the local rules.

Dated: October 31, 2023                              Respectfully submitted,

DLA PIPER LLP

*/s/ Eric Forni*
Eric Forni (BBO No. 669685)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110
T: 617.406.6040
E: eric.forni@us.dlapiper.com

Jeffrey Tsai*
555 Mission Street, Suite 2400
San Francisco, California 94105
T: 415.615.6055
E: jeff.tsai@us.dlapiper.com

Andrew Serwin*
4365 Executive Drive, Suite 1100
San Diego, California 92121
T: 858.677.1418
E: andrew.serwin@us.dlapiper.com

Eric Roberts*
444 West Lake Street, Suite 900
Chicago, Illinois 60606

T: 312.368.2167
E: eric.roberts@us.dlapiper.com

Haley D. Torrey*
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
T: 215.656.2436
E: haley.torrey@us.dlapiper.com

*Attorneys for Defendant Progress Software Corporation*

*\*Motion for pro hac vice admission forthcoming*

## LOCAL RULE 7.1

I, Haley D. Torrey, counsel for Defendants Progress Software Corporation ("Progress") in the above-entitled matter, hereby certify that pursuant to U.S. District Court for the District of Massachusetts Local Rule 7.1(a)(2), Progress' counsel conferred with counsel for Plaintiff, PBI, Fidelity, F&G, and Corebridge by electronic email on October 31, 2023, regarding the instant motion. Through such communication, counsel confirmed that Plaintiff, PBI, Fidelity, F&G, and Corebridge do not oppose the instant motion.

Respectfully Submitted,

*/s/ Haley D. Torrey*
Haley D. Torrey

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2023, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

Respectfully Submitted,

*/s/ Eric Forni*
Eric Forni